People v Faulkner

2026 NY Slip Op 02467

April 23, 2026

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This decision is uncorrected and subject to revision before publication in the Official Reports.

The People of the State of New York, Respondent,

v

Jesse Faulkner, Defendant-Appellant.

Decided and Entered: April 23, 2026

Ind No. 70284/23|Appeal No. 6432|Case No. 2024-06832|

Before: Scarpulla, J.P., Friedman, Gesmer, Shulman, Chan, JJ.

Jenay Nurse Guilford, Center for Appellate Litigation, New York (Cathy Liu of counsel), for appellant.

Alvin L. Bragg, Jr., District Attorney, New York (Michael D. Tarbutton of counsel), for respondent.

[*1]

Judgment, Supreme Court, New York County (Ann D. Thompson, J. at plea; Marisol M. Alonso, J. at sentencing), rendered February 22, 2024, convicting defendant of criminal possession of a weapon in the second degree, and sentencing him to a term of 3½ years followed by five years of postrelease supervision, unanimously affirmed.

Defendant's Second Amendment claim is unpreserved (see People v Cabrera, 41 NY3d 35, 42-51 [2023]), and we decline to review it in the interest of justice. As an alternative holding, while defendant has standing to assert his facial challenge notwithstanding that he never applied for a license (see People v Johnson, — NY3d —, 2025 NY Slip Op 06528, *2 [2025]), he fails to establish that his conviction is unconstitutional on the ground that New York State Rifle & Pistol Assn., Inc. v Bruen (597 US 1 [2022]) invalidated the "good moral character" requirement (see People v Martinez, 238 AD3d 423, 424 [1st Dept 2025], lv denied 44 NY3d 1067 [2026]; People v Guzman, 237 AD3d 570, 571 [1st Dept 2025], lv denied 44 NY3d 993 [2025]).

Defendant's contention that his counsel rendered ineffective assistance by failing to preserve his Second Amendment claim is unreviewable on direct appeal because it involves matters not reflected in the record and thus must be raised in a CPL 440.10 motion (see People v Williams, 237 AD3d 569, 570 [1st Dept 2025], lv denied 44 NY3d 1014 [2025]; People v Anderson, 234 AD3d 603, 603-604 [1st Dept 2025], lv denied 43 NY3d 943 [2025]). In any event, counsel was not ineffective because the claim had "little or no chance of success" (People v Caban, 5 NY3d 143, 152 [2005] [internal quotation marks omitted]).

We perceive no basis for reducing the term of postrelease supervision.

THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.

ENTERED: April 23, 2026